**Steven Kip YARBOROUGH, Appellant,**

**v.**

**Kim Whitlock YARBOROUGH, now Sisk, Appellee.**

**No. 61146.**

Supreme Court of Oklahoma.

Oct. 22, 1985.

---

**6.** *Orton v. State, 431 So.2d 236 (Fla.Ct.App.1983).* **7.** Fla.Stat. §§ 941.01 through 941.30.

Ronald D. Cates, Messrs. Frazier, Smith, Underwood & Cates, P.A., Tulsa, for appellant.

Jerry E. Perigo, Messrs. Chapel, Wilkinson, Riggs, Abney & Hinson, Tulsa, for appellee.

Pete Silva, Jr., Public Defender's Office, Tulsa, for minor child.

OPALA, Justice.

The dispositive issue is whether 10 O.S. 1981 § 1130(A)(4) may be invoked as a ground for terminating parental rights in a purely *private* interparental contest. Based on our pronouncement in *Davis v. Davis*,[1] handed down this day, we hold that it may not.

Stephen Yarborough, appellant [father], and Kim Yarborough, now Sisk, appellee [mother], were divorced in January of 1981. The mother was granted custody of their daughter; the father, ordered to contribute $100.00 per month to the child's support, was granted access by reasonable visitation.

When the father failed to make payments, the mother filed, in July 1981, an application for contempt citation. The district court directed the father to pay $100.00 per month and an additional $50.00 per month toward the arrearage. The father also failed to comply with the latter order. A second application for contempt citation, together with a motion to reduce the arrearage to judgment, was brought in January 1983. In March of 1983 the mother sought to terminate the father's rights. After a hearing on the termination issue, the trial court found clear and convincing evidence of the father's wilful failure to contribute to the support of his minor child for over a year and ordered paternal rights terminated.

On motion for a new trial, the order terminating the father's rights was vacated and the case reopened to consider, in an evidentiary hearing, whether the best interests of the child would be served by severing the paternal bond. The trial court then determined, using the clear-and-convincing-evidence standard, that the child's best interests would indeed be served by terminating the father's rights upon the ground authorized in 10 O.S. 1981 § 1130(A)(4).[2] The father appeals from this order.

Because 10 O.S. 1981 § 1130 is a public-law/state-action statute which may be invoked *only by the state*, the mother had no standing, and the trial court erred in permitting her, to seek termination of the father's rights based upon the ground provided in § 1130(A)(4).[3] An extensive discussion of standing to prosecute termination

1. Okl., 708 P.2d 1102 (1985).

2. The terms of 10 O.S. 1981 § 1130(A)(4) provide:
"A. The finding that a child is delinquent, in need of supervision or deprived shall not deprive the parents of the child of their parental rights, but a court may terminate the rights of a parent to a child in the following situations:
\* \* \* \* \* \*
4. A finding that a parent who does not have custody of the child has wilfully failed to contribute to the support of the child as provided in a decree of divorce or in some other court order during the preceding year or, in the absence of such order, consistent with the parent's means and earning capacity; ...."

3. Other issues presented by the father, which need not be addressed here, are: (1) whether the trial court's termination order is sustained by clear and convincing evidence of wilful failure to contribute child support; (2) whether the trial court's termination order in the best interests of the child was sustained by clear and convincing evidence; (3) whether the father's due process rights under the United States Constitution and the Oklahoma Constitution were violated by the termination because a lesser restrictive alternative existed; and (4) whether the termination violated the Equal Protection Clause of the United States Constitution.

proceedings is found in *Davis v. Davis*,[4] handed down this day.

The trial court's termination order is reversed.

SIMMS, C.J., and LAVENDER, HARGRAVE and SUMMERS, JJ., concur.

DOOLIN, V.C.J., and HODGES, WILSON and KAUGER, JJ., dissent.

KAUGER, Justice, dissenting.

I dissent to the portion of the opinion which restricts private use of 10 O.S. 1981 § 1130 for the reasons expressed in the dissents in. *Davis v. Davis*, 708 P.2d 1102 (Okla.1985) which was also promulgated today.

DOOLIN, V.C.J., and HODGES and ALMA WILSON, JJ., join.